**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TRUCKDRIVERS UNION LOCAL 164, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.**

No. 83–5689.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1984.

Decided Jan. 22, 1985.

Elliott Moore, Ann Jones (argued), Deputy Associate General Counsels, N.L.R.B., Washington, D.C., for petitioner.

Matthew R. Robbins (argued), Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, Milwaukee, Wis., for respondent.

Before KEITH and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case is before the Court on the application of the National Labor Relations Board for enforcement of its order against Truckdrivers Union Local 164, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Teamsters Local 164). The Board found Teamsters Local 164 guilty of unfair labor practices with respect to its employees. The opinion and order of the Board are reported at 267 NLRB 8 (August 5, 1983). Reference is made to the published decision of the Board for a recitation of pertinent facts.

The Board issued the following order:

**ORDER**

The Respondent (Truckdrivers Union Local 164, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America), its officers, successors, and assigns, shall:

I. Cease and desist from:

(a) Refusing to bargain collectively in good faith with Office and Professional Employees International Union, Local 10, AFL–CIO as to wages, hours, and other terms and conditions of employment covering employees in the unit herein found to be appropriate: (1) by refusing to sign the collective bargaining agreement (Ex. GC 51) mutually agreed upon on March 4, 1980; (2) by not affording those employees adequate opportunity to confer with officials of Local 10, and (3) by unilaterally changing terms and conditions of employment of those employees;

(b) Discharging or otherwise discriminating against any employee for filing charges with the Board;

(c) Discharging or otherwise discriminating against any employee for supporting Local 10 or any other union;

(d) Threatening any employee with economic sanctions and other retaliatory actions for filing grievances or for testifying in proceedings before the Board; and

(e) In any other manner interfering with, restraining or coercing any employee in the exercise of rights guaranteed by Section 7 of the Act.

2. Take the following affirmative actions necessary to effectuate the policies of the Act:

(a) Upon request, bargain collectively and in good faith with Local 10 and embody any understanding which may be reached in a signed agreement;

(b) If requested by Local 10, sign and give retroactive effect to the contract (Ex. GC 51) mutually agreed upon on March 4, 1980;

(c) Rescind (1) the written warnings given to Lester, Huey, and Wilkins on April 3, 1980, to Wilkins on May 5, 1980, to Lester and Wilkins on May 14, 1980, and to Lester on October 21, 1980, as well as any others issued pursuant to unilaterally established work rules and personnel policies, and (2) the suspension given to Lester on May 5, 1980 and to Wilkins on June 27, 1980; and, with respect to both the warnings and the suspensions, expunge from Respondent's records (including personnel files) any reference thereto and notify Lester,

Huey, and Wilkins, in writing, that such action has been accomplished and that the expunged warnings and suspension notices will not be used as a basis for future personnel actions against them;

(d) Rescind the work rules and hours of service and personnel policies unilaterally established, thereby returning to the *status quo ante;*

(e) Offer Lester, Huey, and Wilkins immediate and full reinstatement to the jobs they held as of March 4, 1980 (or, if said jobs are no longer available, to substantially equivalent positions) without prejudice to their seniority or other rights and privileges previously enjoyed; and make them whole (in the manner indicated in "The Remedy"), with interest, for any loss of earnings resulting from their respective discharges, layoffs, and suspensions, and from implementation of the unilaterally established work rules and hours of service and personnel policies;

(f) Preserve and, upon request, make available to the Board or its agents for examination and copying, all payroll records and reports and all other records necessary to analyze the amount of backpay and other compensation due under the terms of this Order;

(g) Post in its offices in Jackson, Michigan, copies of the attached notice marked "Appendix."

267 NLRB at 18–19.

Upon consideration, the Court concludes that the decision and order of the Board is supported by substantial evidence on the record considered as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 490–91, 71 S.Ct. 456, 465–66, 95 L.Ed. 456 (1951).

It is noted that this Court recently enforced an earlier order of the Board against Teamsters Local 164 for unfair labor practices with respect to its employees in *NLRB v. Truck Drivers Union Local 164, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 651 F.2d 455 (6th Cir.1981), *enforcing* 243 NLRB 704 (1979).

In that case we enforced the following order:

The Respondent, Truck Drivers Union Local 164, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, its officers, agents, and representatives, shall:

1. Cease and desist from:

(a) Discharging, reducing the employee's salary, or otherwise discriminating against any employee for supporting Office and Professional Employees International Union, Local 10, AFL–CIO, Jackson, Mississippi, or any other union.

(b) Threatening to eliminate pension benefits if employees engage in collective bargaining.

(c) Coercively interrogating any employees about union sympathy.

(d) Refusing to permit an employee to take time off in reprisal for employees engaging in union activity.

(e) In any other manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act:

(a) Offer Evelyn McCann and Mishele McCann immediate and full reinstatement to their former jobs, or, if their jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole for any loss of pay and other benefits in the manner set forth in the remedy section.

(b) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Order.

(c) Post at its office and meeting places copies of the attached notice marked "Appendix."

243 NLRB at 710–11.

Enforcement of the order of the Board in the present case is granted. The costs in

this Court are assessed against Respondent Teamsters Local 164.